IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LORENZO FOREHAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:18-cv-230 (MTT) |
| | ) | |
| CHAPLAIN MICHAEL SAPP, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Plaintiff alleges that Defendant Michael Sapp prevented him from observing the Nation of Islam's December fast, in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment. Doc. 18 at 1. The parties filed cross-motions for partial summary judgment. Docs. 21; 25. United States Magistrate Judge Charles H. Weigle recommends granting both motions and, accordingly, entering judgment for the Defendant on the Plaintiff's RLUIPA claim, limiting the Plaintiff's Free Exercise claim to nominal damages only, and entering judgment for the Plaintiff on his Free Exercise claim for nominal damages. The Defendant filed an objection; the Plaintiff did not.

**A. The Defendant's Motion for Partial Summary Judgment**

The Magistrate Judge recommends granting the Defendant's motion for partial summary judgment because the Plaintiff's claims for injunctive relief are moot, the Prison Litigation Reform Act bars the Plaintiff from recovering more than nominal damages on his Free Exercise claim without physical injury, any official capacity claims

are barred, and RLUIPA does not allow recovery of damages.  Doc. 40 at 5-6.  The Plaintiff has not objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews for clear error.[1]  After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation to grant the Defendant's motion for partial summary judgment (Doc. 40 at 5-6) is **ADOPTED** and made the Order of the Court.  The Defendant's motion for partial summary judgment (Doc. 25) is therefore **GRANTED**, the Plaintiff's RLUIPA claim is **DISMISSED** without prejudice, and the Plaintiff's Free Exercise claim shall be limited to nominal damages.

### B. The Plaintiff's Motion for Partial Summary Judgment

The Plaintiff moved for partial summary judgment on his Free Exercise claim.  With the understanding that the Plaintiff's relief will be limited to nominal damages, as discussed above, the Magistrate Judge recommends granting the Plaintiff's motion for partial summary judgment.   Doc. 40 at 12.  The Defendant objects, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.

The Defendant's objection argues the Plaintiff's claim is barred by qualified immunity.  Doc. 42 at 3.  The Defendant filed a motion for summary judgment, as noted above, but did not argue in that motion that he was entitled to qualified immunity.  Doc. 25.  Rather, the Defendant argued qualified immunity for the first time in response to the Plaintiff's motion for summary judgment.  Specifically, the Defendant argued that "there is at least a disputed issue of fact as to whether Defendant Sapp is entitled to qualified immunity due to following policy."  Doc. 33 at 7; *see* Doc. 42 at 5-6.  But that argument

---

[1] The Plaintiff did submit a document giving notice that he had not abandoned his Equal Protection Claim. Doc. 41 at 1.  Although that document was docketed as an objection, it does not challenge the Recommendation or purport to challenge the Recommendation.  Even reviewed de novo, however, the Court accepts and adopts the Magistrate Judge's Recommendation.

fails because there are no factual disputes regarding the Free Exercise claim. *See* Doc. 40 at 7. In reality, the Defendant's qualified immunity argument is legal, not factual: it raises the question of whether the Defendant's refusal to allow the Plaintiff's observance of a religious fast ran afoul of clearly established law. That does not create a fact issue. And the Defendant did not move for summary judgment on that ground.

But even if the Defendant had properly moved for summary judgment on qualified immunity, that motion would have been denied. As the Magistrate Judge noted, the right of Muslim prisoners to observe holidays is clearly established. Doc. 40 at 10. Here, the Plaintiff wanted to observe the December fast, he was not allowed to observe it, and the Defendant has proffered no penological justification for prohibiting that observance.[2] The Defendant also argues there is some evidence that he was following prison policies in prohibiting the Plaintiff's observance of Ramadan. Doc. 33 at 7. But in the absence of authority indicating that following policy is a safe harbor from liability, whether the Defendant was following policy is not relevant.[3] In the absence of a dispute of fact, qualified immunity is a legal issue, not a jury issue. See *Ansley v.*

---

[2] The Magistrate Judge properly considered the allowance of one fast as a factor weighing in the Defendant's favor in the *Turner* analysis. Doc. 40 at 11. However, the allowance of one fast is not an appropriate accommodation because the Plaintiff's religion requires him to observe both fasts. The Defendant argues that the Plaintiff "conflat[es] . . . the two fasts and present[s] . . . . them as alternative forms of the same or similar observance." Doc. 33 at 6. But the Plaintiff does not view them as alternatives; he regards them as equally important and has, in previous years, celebrated both. Doc. 25-3 at 50:20-51:22. The Defendant's argument that he is entitled to qualified immunity because there is no clearly established law protecting the Plaintiff's specific religious observance likewise fails. As the Magistrate Judge noted, there is clearly established law protecting the right of prisoners to observe religious holidays, Doc. 40 at 10, and that right was denied here.

[3] The Defendant's citation to *Howard v. Hunt*,1995 U.S. Dist. LEXIS 2838, at*26 (S.D. Ala. Jan.5, 1996), does not support his argument. The Defendant misreads *Hunt* to hold that corrections officers are entitled to qualified immunity whenever they are following prison regulations. Doc. 33 at 7. But that case found the Plaintiff's retaliation and due process claims against prison guards for taking his property failed because he stored the property in violation of a prison rule. The point there is a substantive one: the rule violation provided a non-retaliatory motive for the confiscation. And there was no due process violation because the prisoner was not disciplined, and the prison rules did not provide for a hearing before confiscating improperly stored property. *Id.* at *22-26, *26 n.10. That case does not support the Defendant's suggestion of a per se rule that following orders entitles an officer to qualified immunity.

*Heinrich*, 925 F.2d 1339, 1344-48 (11th Cir. 1991) (discussing the procedure for resolving a qualified immunity defense). And the Court finds the law prohibiting the Defendant's conduct was clearly established.

For those reasons, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation to grant the Plaintiff's partial motion for summary judgment (Doc. 40 at 12) is **ADOPTED** and made the Order of the Court. The Plaintiff's motion for partial summary judgment (Doc. 21) is **GRANTED**, and the Plaintiff is entitled to nominal damages on his Free Exercise claim.

### C. The Plaintiff's Equal Protection Claim

Finally, because neither party addressed the equal protection claim in their motions, the Magistrate Judge ordered the Plaintiff to notify the Court if he wished to pursue that claim. Doc. 40 at 13. The Plaintiff responded that he has not abandoned that claim. Doc. 41.

The Defendant now argues that the Plaintiff's original complaint, which contained an equal protection claim, was superseded by his amended complaint, which did not. Doc. 44 at 1. But the amended complaint clearly was not an effort by the Plaintiff to restate the claims he had stated in his original complaint. Rather, the purpose of the amended complaint was to join additional parties. No doubt for that reason, the Magistrate Judge screened both complaints and concluded that the Plaintiff's claims, including his equal protection claim, should go forward.[4]  *See* Docs. 16; 18 at 1 ("The

---

[4] The reality is that pro se prisoners rarely incorporate all their allegations in their recast pleadings and, because of their pro se status, courts routinely consider allegations in both. *See Garrison v. Alabama Dep't of Corr.*, 2016 U.S. Dist. LEXIS 61732, at *2 n.3 (M.D. Ala. 2016) (a defendant listed in an amendment to the original complaint simply added as a defendant in the action); *Daniels v. Upton*, 2016 U.S. Dist. LEXIS 114163, at *4 (S.D. Ga. 2016) ("In his Amended Complaint, Plaintiff supplements . . ."); *Slaughter v. Ga. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 68234, at *6 (S.D. Ga. 2016) (Plaintiff's motion to supplement his complaint is granted and his original complaint "is deemed amended to include the additional content proposed in his Motion to Supplement," and clerk directed to docket the supplement

Plaintiff . . . alleg[es] that Defendant Sapp prevented him from observing the Nation of Islam's December Fast, in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act, and the Equal Protection Clause of the Fourteenth Amendment.").

Still, there has been, understandably, some confusion regarding whether the Plaintiff actually intended to pursue an equal protection claim. Moreover, his equal protection claim arguably is superfluous of his free exercise claim and, not incidentally, much harder to prove. That, presumably, is why the Plaintiff did not move for summary judgment on his equal protection claim. Now that the Court has ruled as a matter of law that he has prevailed on that free exercise claim and because it's not clear what purpose an equal protection claim would now serve, the Plaintiff may choose to abandon that claim. In any event, the Plaintiff's allegations in support of his equal protection claim are conclusory. Indeed, the Defendant's objection to the Plaintiff's announcement that he has not abandoned his equal protection claim is, in substance, a motion to dismiss for failure to state a claim. Accordingly, if the Plaintiff, having prevailed on his free exercise claim, still intends to pursue his equal protection claim, he shall amend Count 3 of his complaint to allege specifically the facts upon which his claim is based, including, but not limited to, the facts supporting his allegation that the Defendant "treat[ed] him unequally different from the Christian believers." Doc. 1-1 at

---

"under the title 'Supplement to Complaint'"); *Dumas v. Massey*, 5:16-CV-31-MTT (Feb. 10, 2016) (plaintiff ordered to supplement his complaint by answering specific questions); *Lane v. Philbin*, 835 F.3d 1302, 1305 n.1 (11th Cir. 2016) ("Mr. Lane filed an amended complaint which served to supplement the initial complaint. *See* D.E. 8. The magistrate judge and the district court construed this filing together with the initial complaint, and the parties do the same on appeal. Though this procedure is irregular, *see Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982), for the purposes of this appeal so do we. The alleged facts set forth in the section therefore come from both complaints, construed together as one.").

17. The Plaintiff shall file his amended Count 3 within twenty-one days of the filing of this Order. No extensions shall be granted.

**SO ORDERED**, this 8th day of November, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT